UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-21791-BLOOM/Elfenbein

YANERY ANDREU,

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

    Defendant.
_____/

**ORDER ON MOTION TO REMAND**

**THIS CAUSE** is before the Court upon Plaintiff Yanery Andreu's Motion to Remand ("Motion"), ECF No. [8]. Defendant Costco Wholesale Corporation ("Costco") filed a Response in Opposition, ("Response"), ECF No. [9], to which Andreu filed a Reply, ECF No. [13]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

    I.    **BACKGROUND**

On April 17, 2023, Andreu sustained serious and permanent bodily injuries when Andreu sat on a folding picnic table displayed at Costco's store, and the furniture collapsed to the floor. ECF No. [1-1] at ¶¶ 2, 10. Andreu asserts that the folding picnic table displayed was done in a rush without sufficient supervision, inspection and/or safety precautions, and was therefore installed in a negligent manner. *Id.* at ¶ 11. The Complaint asserts one claim for negligence against Costco. *Id.* at 11-12.

Andreu filed his Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1]. Andreu served Costco on August 22, 2024. *Id.* at ¶ 3. Costco thereafter removed the case on April 18, 2025. In the Notice of Removal, Costco represents

that while the Complaint sets forth the minimal jurisdictional allegations necessary to invoke the jurisdiction of the state circuit court, Plaintiff made a demand for settlement of $277,749.44. *Id.* at ¶¶ 6, 10.

In the Motion, Andreu asserts that the only allegation regarding the amount in controversy is Andreu's confidential settlement demand, which cannot by itself confer jurisdiction. ECF No. [8]. Costco responds that, even without relying solely on the demand amount, the Complaint independently alleges serious and extensive damages that, if proven, easily satisfy the jurisdiction threshold. ECF No. [9]. Andreu replies that considerable doubt remains as to whether the amount in controversy is satisfied, and the Court should err on the side of remand. ECF No. [13].

## II.   LEGAL STANDARD

"The jurisdiction of a court over the subject matter of a claim . . . cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Indeed, "[a] district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of Ala.*, 168 F.3d at 410.

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and "there is complete diversity between all named plaintiffs and all named defendants and no defendant is a citizen of the forum State." 28 USC § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

When the amount in controversy is unspecified, "the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)). "A court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." *S. Fla. Wellness, Inc.*, 745 F.3d at 1315; *Hickerson v. Enter. Leasing Co. of Ga., LLC*, 818 F. App'x 880, 883 (11th Cir. 2020) ("[D]istrict courts may make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable.'" (quoting *Roe v. Michelin N. Am.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010))). In analyzing the amount in controversy requirement for federal jurisdiction, the Court focuses "on how much is in controversy at the time of removal, not later." *S. Fla. Wellness, Inc.*, 745 F.3d at 1315; *Pretka*, 608 F.3d at 751. Further, "the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.63 (11th Cir. 2007).

III.  DISCUSSION

Andreu contends that the demand letter does not detail any of Andreu's past, present, or future medical expenses. ECF No. [8]. Andreu argues that the Court should therefore remand this case because the amount for which a plaintiff offers to settle a claim cannot, standing alone, create jurisdiction, especially in cases where the settlement offer can be reduced to "posturing" for

3

settlement purposes. *Id.* Costco responds that even without taking the demand letter into consideration, the amount in controversy is satisfied because Andreu alleges serious and permanent bodily injuries, disfigurement, impairment, disability, mental anguish, loss of capacity for enjoyment of life, and the need for medical and nursing care in the past and future. ECF No. [9]. Further, based on Andreu's medical bills provided in discovery, she claims to have incurred approximately $62,806.66 in past medical bills, and is still undergoing treatment. *Id.* Costco asserts that the settlement demand, coupled with Andreu's medical bills, ongoing treatment, and the allegations contained in the Complaint, establish the amount in controversy. *Id.* Andreu replies that her past medical bills total $12,082.70, not $62,806.66, and thus, the Court should not take this into consideration. ECF No. [13].

The Court finds that the evidence presented by Costco is insufficient to confer jurisdiction. At the outset, as recognized by the parties, "[s]ettlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence." *Kilmer v. Stryker Corp.*, No. 5:14–cv–456–Oc–34PRL., 2014 WL 5454385, at *4 (M.D. Fla. Oct. 27, 2014) (quoting *Mark v. Wood Haulers, Inc.*, No. CA 09–0706–CG–C, 2009 WL 5218030, at *9 (S.D. Ala. Dec. 31, 2009)). It is true that the Court may afford more weight where the settlement offer provides "specific information . . . to support [the plaintiff's] claim for damages," because such instances "suggest the plaintiff is offering a reasonable assessment of the value of [his] claim[.]" *Id.* (internal quotation marks omitted); *see also Gillinov v. Hillstone Restaurant Grp., Inc.*, 92 F. Supp. 3d 1251, 1255 (S.D. Fla. 2015) (finding that a demand letter was sufficient to satisfy the amount in controversy requirement where it was "exceptionally detailed, outlining with specificity $124,217.15 in damages based on Plaintiff's past medical expenses and future medical expenses estimated using her life expectancy, similar cases, and

Case No. 25-cv-21791-BLOOM/Elfenbein

consultations with her medical providers"). That is not the case here. Indeed, the one-page demand states nothing more than the amount Andreu sought to settle the case. *See* ECF No. [1-3]. Thus, the demand letter is insufficient to establish the amount in controversy.

The Court further finds that the demand letter, Andreu's allegations in her Complaint, and medical bills, are insufficient to confer jurisdiction. Andreu disputes Costco's estimate of her medical bills – Costco contends that Andreu incurred approximately $62,806.66 in medical bills, whereas Andreu asserts her past medical bills amount to $12,082.70. ECF Nos. [9], [13]. Neither party provides any documentation to support their assertions, and while the Court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations," *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010), the Court "may not speculate or guess at to the amount in controversy," *Kilmer*, 2014 WL 5454385, at *2; *see also Tineo v. BJ's Wholesale Club, Inc.*, CASE NO. 1:24-cv-21906-LEIBOWITZ/AUGUSTIN-BIRCH, 2024 WL 4634022, at *4 (S.D. Fla. Oct. 31, 2024) ("Courts have consistently held that speculative damages, such as medical procedures that have not occurred and may never occur, should not be considered when determining the amount in controversy.").

Next, the Complaint alleges that Andreu suffered "severe and permanent bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and medical and nursing care and treatment." ECF No. [1-1] at ¶ 20. Costco argues that courts have routinely found that when a plaintiff alleges permanent injury, future medical expenses, mental anguish, and lost earning capacity, the amount in controversy is satisfied. ECF No. [9] at 4. Costco is correct that "[c]omplaints alleging serious, lasting physical injuries are typically removable because it is facially apparent that these claims are worth more than $75,000." *Hickerson v. Enter. Leasing Co. of Ga, LLC*, 818 F. App'x 880, 883 (11th Cir.

2020); *see Dioses v. Giguere*, CASE NO. 15-62360-CIV-DIMITROULEAS, 2015 WL 12745541, at *2 (S.D. Fla. Dec. 22, 2015) (concluding that the amount in controversy was satisfied when looking at the plaintiff's claims for permanent injury, pain and suffering, and past and future economic losses, in conjunction with the plaintiff's $47,014.00 in past medical expenses); *Tineo*, 2024 WL 4634022, at *4 (concluding that the amount in controversy was satisfied where the plaintiff's alleged injuries included serious and permanent injury to the plaintiff's body and extremities, and medical records provided to the court indicated that at least part of the plaintiff's injuries related to his lumbar spine area).

However, where "the pleadings provide[] no specific facts to support removal, [courts] have held that removal would be based on speculation and thus improper." *Hickerson*, 818 F. App'x at 883. Without further detail, Andreu's boilerplate damage allegations and nondescript demand letter are insufficient to show that the amount in controversy is more than $75,000. *See, e.g.*, *Santos v. Nahum*, Case No. 24-cv-24533-BLOOM/Elfenbein, 2025 WL 1036550, at *5 (S.D. Fla. Apr. 7, 2025) (concluding that amount in controversy was not satisfied where the complaint contained boilerplate damage allegations because "[if] the mere allegation that the plaintiff was 'seriously injured' sufficed to establish the jurisdictional amount, then virtually every personal injury case could be removed to federal court. The amount in controversy requirement would be rendered meaningless" (quoting *Ransom v. Wal-Mart Stores, Inc.*, 920 F. Supp. 176, 177-78 (M.D. Ga. 1996))); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1214-15 (11th Cir. 2007) ("If [the] evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings."). Accordingly, Costco has failed to meet its burden that the amount in controversy exceeds $75,000.

**IV.    CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

Case No. 25-cv-21791-BLOOM/Elfenbein

1. Plaintiff's Motion to Remand, **ECF No. [8]**, is **GRANTED**.

2. The Clerk of the Court is directed to **REMAND** this case to the Eleventh Judicial Circuit in and for Miami-Dade County; and

3. The Clerk of Court is directed to **CLOSE** this case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 6, 2025.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

cc:   counsel of record